UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>EMPONE INC, TALENIQUE INCORPORATED, VANCHAN TOK AND NATALIE SOKHOM A/K/A JENNY TOK,<br><br>Defendants. | Civil Action No. 1:23-cv-10963 |

## COMPLAINT

1.      Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because two temporary labor companies, Defendants Empone Inc and Talenique Incorporated, as well as Defendants Vanchan Tok and Natalie Sokhom a/k/a Jenny Tok, have willfully failed to pay certain of their employees proper overtime compensation and failed to keep accurate employment-related records, all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2.      The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c).

Jurisdiction and Venue

3. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

The Parties

5. Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6. Defendant Empone is a temporary labor business, with a business address of 660 Middlesex Street, Lowell, Massachusetts, 01851, within the jurisdiction of this Court, and is engaged at that place of business and elsewhere in providing temporary labor to clients in Massachusetts, New Hampshire, Vermont, and Rhode Island.

7. Defendant Talenique is a temporary labor business with a business address of 7 Pondview Place, Tyngsboro, Massachusetts, 01879, within the jurisdiction of this Court, and is engaged at that place of business and elsewhere in providing temporary labor to clients in Massachusetts, New Hampshire, and Maine.

8. Defendant Empone and Talenique employ the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

9. Defendant Tok is an owner of Empone.

10. Defendant Tok transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

11. The claims against Defendant Tok in this case arise out of and are directly related to business activities in Massachusetts.

12. Defendant Tok has certain control over the daily operations of Empone, including the authority to hire and fire employees, determine employees' wage rates, manage the daily operations of the business, and set policies for the business.

13. Defendant Tok is and has been an employer of Empone's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. Defendant Sokhom is an owner of Talenique and a manager and operator of Empone.

15. Defendant Sokhom transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

16. The claims against Defendant Sokhom in this case arise out of and are directly related to business activities in Massachusetts.

17. Defendant Sokhom has certain control over the daily operations of Empone and Talenique, including the authority to hire and fire employees, determine employees' wage rates, manage the daily operations of the businesses, and set policies for the businesses.

18. Defendant Sokhom is and has been an employer of Empone and Talenique's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

<u>Defendants Are an Enterprise Engaged in Commerce</u>

19. At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

20. At all times described herein, Defendants employed employees in the activities of

said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

21. Said enterprise has had an annual gross volume of sales or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22. For the time period covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## Statute of Limitations Tolling Agreement

23. On or about September 3, 2021, Defendants entered into a statute of limitations tolling agreement with the Secretary.

24. Under the terms of that statute of limitations tolling agreement, Defendants agreed for purposes of the FLSA statute of limitations that this Complaint is deemed to have been filed on March 7, 2021.

## Defendants' Wage and Hour Practices

### *Failure to Pay Overtime Premiums*

25. From March 11, 2018 to at least March 6, 2021, Defendants willfully failed to pay certain employees who are listed in the attached Exhibit A the overtime compensation required by Section 7 of the FLSA, 29 U.S.C. § 207.

26. From March 11, 2018 to at least March 6, 2021, Defendants paid certain employees straight-time wages for hours worked over 40 per week, without paying any overtime premiums for those hours worked over 40.

27. During this time period, Defendants knew of the FLSA's overtime requirements and failed to pay certain employees the overtime compensation required by the FLSA.

*Failure to Keep Records*

28. From March 11, 2018 to at least March 6, 2021, Defendants failed to maintain records required under Section 11 of the FLSA, 29 U.S.C. § 211.

29. Defendants did not maintain complete and accurate records of payments to employees.

## COUNT ONE
### Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA

30. The Secretary incorporates by references and re-alleges all of the foregoing allegations in this Complaint.

31. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one-and-one-half times the regular rates at which they were employed for hours worked in excess of 40 hours in such workweeks.

32. Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A and liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
### Defendants Failed to Keep Records Required Under Section 11 of the FLSA

33. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

34. Defendants failed to keep true and accurate records in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder,

specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the time period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period set forth above, plus liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time period set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.  Awarding the Secretary the costs of this action; and

6.  Granting such other and further relief as may be necessary and appropriate.

        Seema Nanda
        Solicitor of Labor

        Maia S. Fisher
        Regional Solicitor

        Mark A. Pedulla
        Counsel for Wage & Hour

        <u>s/ Susan G. Salzberg</u>
        Susan G. Salzberg
        Senior Trial Attorney
        salzberg.susan@dol.gov
        MA BBO No. 556437

        U.S. Department of Labor
        Attorneys for Plaintiff

        Post Office Address:
        JFK Federal Building—Room E-375
        Boston, Massachusetts 02203
        TEL: (617) 565-2500


        DATE: May 2, 2023